UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMAR, *also known as* CHRISTOPHER SUMMERS,<br><br>       Plaintiff,<br><br>   vs.<br><br>GOLDEN WEST SAVINGS, et al.,<br><br>       Defendants. | Case No.: 11-cv-02562 YGR<br><br>**ORDER DENYING APPLICATION TO PROCEED** ***IN FORMA PAUPERIS*** **AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff's Complaint and Application to Proceed *in Forma Pauperis* were filed on May 26, 2011. (Dkt. Nos. 1 & 2.) The Court may authorize a plaintiff to commence an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is classified as "frivolous" where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the Court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction. They have no power to consider claims for which they lack subject matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). While California superior courts are courts of general,

unlimited jurisdiction and can render enforceable judgments in practically any type of case, federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate. Those cases involve diversity of citizenship (where the parties are from different states), a federal question (arising under the Constitution, laws, or treaties of the United States), or cases to which the United States is a party. *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377. If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Plaintiff's Complaint asserts a myriad of claims against a large number of defendants. The Complaint contains lengthy citations to various cases and statutes, which appear to have been copied and pasted from another source. Plaintiff fails to explain the basic relationship between him and the defendants, the facts underlying his claims, and the nature of the alleged wrongs. Because there are so many legal principles incorporated in the Complaint without any meaningful explanation of the claims, the Court is unable to determine what the fundamental issues are in this action. The action is therefore **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint that sets forth a legal claim and the facts giving rise to such claim. The Court takes no position on the merits of the Complaint or the proper jurisdiction in which such claim should be filed.

Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. No. 2) is hereby **DENIED WITHOUT PREJUDICE**.

The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov. The Court also advises Plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). Please visit the Court's website or call the phone number listed above for current office hours, forms and policies.

1   This Order terminates Dkt. No. 2 and, in light of the dismissal of the Complaint, vacates the
2   Case Management scheduled for May 14, 2012.
3   **IT IS SO ORDERED.**

Dated: May 7, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**